UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 17-64 (TSC) |
| MIA K. HILL, <br> Also known as Taleah Michelle Everett, | **FILED** <br> APR 1 0 2018 <br> Clerk, U.S. District and <br> Bankruptcy Courts |
| Defendant. | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I.   Summary of the Plea Agreement

Defendant Mia K. Hill (also known as Taleah Michelle Everett) agrees to admit guilt and enter a plea of guilty to Counts Five and Six in the Indictment charging her with Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of Title 18 U.S.C. §§ 111(a)(1) and (b), and Destruction of Government Property, in violation of Title 18 U.S.C. § 1361.

II.  Elements of the Offenses

The essential elements of the offense of Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of Title 18 U.S.C. §§ 111(a)(1) and (b), each of which the government must prove beyond a reasonable doubt, are:

1. That the Defendant "forcibly assaulted" Officer Riley of the United States Capitol Police;

2. That Officer Riley was a Federal officer performing his official duties; and

3. That the Defendant used a dangerous weapon (here, an automobile).

The essential elements of the offense of Destruction of Government Property, in violation of Title 18 U.S.C. § 1361, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant injured or damaged, or attempted to injure or damage, property;

2. That the property belonged to the United States, or any department or agency of the United States, or was property that had been or was being manufactured or constructed for the United States, or any department or agency of the United States;

3. That the damage exceeded the sum of $1,000; and

4. That the defendant did so willfully.

The government must prove that the property belonged to the United States but the government does not have to prove that the defendant knew that the property belonged to the United States.

To act willfully, the defendant must have acted intentionally, with knowledge that she was violating the law.

III.   Penalties for the Offenses

The penalty for Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of Title 18 U.S.C. §§ 111(a)(1) and (b), is as follows:

(A) a term of imprisonment not greater than 20 years;

(B) a fine not to exceed $250,000;

(C) a term of supervised release of not more than three years, after any period of incarceration;

(D) a special assessment of $100.

The penalty for Destruction of Government Property, in violation of Title 18 U.S.C. § 1361, is as follows:

(A) a maximum term of imprisonment not to exceed ten (10) years;

(B) a fine not to exceed $250,000;

(C) a term of supervised release of not more than three (3) years; and

(D) a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

IV.   Brief Statement of the Facts

Had this case gone to trial, the government's evidence would prove the following beyond a reasonable doubt:

1. On March 29, 2017, at approximately 9:23 a.m., members of the United States Capitol Police ("USCP") made several efforts to stop Defendant Mia Hill after they observed her driving her vehicle erratically beginning in the 300 block of Independence Avenue SW. At multiple locations in close proximity to the United States Capitol, Defendant Mia Hill ignored USCP members' commands.

2. Defendant Hill's conduct escalated as she traveled westbound in the unit block of Independence Avenue Southwest: Defendant Hill crossed over the double solid yellow lines and began traveling westbound in the eastbound lanes directly towards oncoming traffic. Multiple vehicles were forced to change lanes, slow down, or brake to avoid a collision with Hill. Two marked USCP police vehicles with their emergency equipment activated maneuvered behind Hill and attempted to pull her over, but she continued westbound in the eastbound lanes

3

until the intersection of 100 block of Independence Avenue SW.

3. While in the 100 block of Independence Avenue SW, USCP officers activated and raised barricades embedded in Independence Avenue SW to force all eastbound and westbound traffic to stop, including Hill. While Hill was stopped, Hill's vehicle was surrounded by USCP Officer Riley and other USCP officers who were all on foot and dressed in USCP uniforms. Law enforcement repeatedly ordered Hill to exit her vehicle, however Hill again ignored the commands from law enforcement.

4. USCP Officer J. Greene positioned his vehicle behind and to the left of Hill's vehicle. After Hill ignored repeated commands to exit her vehicle, USCP Officer Riley broke the rear window of Hill's vehicle while another USCP officer was attempting to open Hill's doors. Another USCP officer moved to the driver's door window in an attempt to break it when Hill suddenly pulled the vehicle forward, forcing Officer Riley—who was immediately next to the vehicle—and other USCP uniformed officers and a USCP plain-clothed officer to jump out of the way of Hill's vehicle, in fear of being struck by Hill. Hill then put her vehicle into reverse and collided into USCP Officer J. Greene's marked USCP patrol vehicle, causing significant and disabling damage in excess of $1,000. As Hill was reversing, she was again in close proximity to the USCP officers who were attempting to stop the vehicle.

5. While Hill was in reverse and colliding into USCP Officer J. Greene's vehicle, two uniformed USCP officers discharged their firearms at Hill's vehicle. Both USCP officers would testify that they did so in fear of their own immediate safety, as well as the immediate safety of all USCP officers on scene and the immediate safety of passersby.

6. USCP Officer Riley was able to break the driver's door window of Hill's vehicle, allowing USCP Officer D. Greene to reach into the vehicle and remove Hill from the driver's seat and place her into custody.

7. During the above-referenced incident, Hill's operation of her vehicle was willful and intentional, and not the result of accident or mistake.

8. This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties, but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crime. This Statement of the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offense to which she is pleading guilty.

Respectfully Submitted

Jessie K. Liu
United States Attorney

BY: *[signature]*
Laura Crane
William Edward Schurmann
Assistant United States Attorneys

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of Title 18 U.S.C. §§ 111(a)(1) and (b), and Destruction of Government Property, in violation of Title 18 U.S.C. § 1361. I have discussed this proffer fully with my attorney, Tony Miles, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 4/9/18

Taleah Everett

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence related to my client's guilty plea to Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of Title 18 U.S.C. §§ 111(a)(1) and (b), and Destruction of Government Property, in violation of Title 18 U.S.C. § 1361. I have reviewed the entire proffer with my client and have discussed it with her fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 4/9/2018

Tony Miles, Esquire
Counsel for Defendant